Ryan L. McBride, Esq. (SBN: 297557)
ryan@kazlg.com
**KAZEROUNI LAW GROUP, APC**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone:   (800) 400-6808
Facsimile:   (800) 520-5523

*Attorneys for Plaintiff*
Michelle Grahame

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michelle Grahame, | CASE NO. 3:20-cv-05906 |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| v. | |
| Monterey Financial Services, LLC, | **1.  THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*;** |
| Defendant. | **2.  THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, *ET SEQ.*;** |
| | **JURY TRIAL DEMANDED** |

## INTRODUCTION

Plaintiff, MICHELLE GRAHAME ("Plaintiff"), alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.      The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.      California enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 Act to protect California citizens from abusive debt collection practices.

3.      Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of MONTEREY FINANCIAL SERVICES, LLC ("Monterey") (or "Defendant"), in negligently, knowingly, and/or willfully threatening to take an action that was not legally permissible and harassing Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 ("Rosenthal").

4.      While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in its entirety.

5.      Unless otherwise stated, all the conduct engaged in by Defendants took place in the City of Rohnert Park, the County of Sonoma, the State of California.

KAZEROUNI
LAW GROUP, APC

6.     Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7.     Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

## JURISDICTION & VENUE

8.     Jurisdiction is proper because there is a federal question due to the fact that Plaintiff is alleging Defendants violated the FDCPA, a federal statute.

9.     Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the County of Sonoma, State of California.

## PARTIES

10.     Plaintiff is a natural person residing in the City of Rohnert Park, the County of Sonoma, State of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and a "person" as defined in A.R.S. § 44-1521(6).

11.     At all relevant times herein, Defendant, was a debt collection agency engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5).

12.     Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

13.     This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit

KAZEROUNI
LAW GROUP, APC

transaction. As such, this action arises out of a "consumer debt" and "consumer credit" and a "debt" as those terms are defined by 15 U.S.C. §1692a(5).

## FACTUAL ALLEGATIONS

14.   Sometime around July 2014, Plaintiff allegedly incurred certain financial obligations to Aladdin Bail Bonds as a co-signer to a bail bond.

15.   These alleged financial obligations were money, property, or their equivalent, for personal, family and/or household purposes, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by 15 U.S.C. §1692a(5)."

16.   Sometime after, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

17.   In June of 2019, Plaintiff contacted Defendant to try and reach a settlement for the alleged debt. During the phone call, when Plaintiff and Defendant could not come to an agreement regarding settlement, Defendant's representative threatened to send Plaintiff's alleged debt to Defendant's legal department.

18.   At this point, the debt was approximately five years old. Any conceivable statute of limitations had passed in regard to the debt, making legal action, including a debt collection lawsuit against Plaintiff unavailable to Defendant.

19.   The least sophisticated consumer would certainly believe, under Defendants threat to contact Defendant's legal department, that Defendant was attempting take legal action against Plaintiff including but not limited to filing a lawsuit against Plaintiff. However, legal action was unavailable to Defendant because the statute of limitations had passed, making it a false misrepresentation.

20.   Plaintiff's last contact with Defendant occurred on April 17, 2020, when Plaintiff called to try and reach a settlement for the alleged debt. Defendant stated if Plaintiff paid the matter that day, the matter would be taken off of Plaintiff's credit. Plaintiff explained that the alleged debt belonged to her abusive ex-partner and Plaintiff was a co-signor.

21.     Shockingly, on the April 17, 2020 call, Defendant harassed Plaintiff with questions regarding her relationship with her abusive ex-partner. Specifically, Defendant's representative asked Plaintiff why Plaintiff would want to co-sign a bail bond when her ex-partner was abusing Plaintiff. Plaintiff told Defendant's representative that it was none of their business, but Defendant's representative continued to harass Plaintiff regarding her abusive ex-partner.

22.     On the call on April 17, 2020, Defendant also threatened to send the alleged debt to Defendant's legal department. As the statute of limitations period had long passed on the alleged debt, this statement by Defendant was untrue and misleading. Plaintiff felt manipulated, threatened, and harassed. As the conversation escalated, a supervisor got on the phone with Plaintiff, apologized, and promised to remove the debt from Plaintiff's credit report. The supervisor further admitted that Defendant's representative was wrong in threatening to send the debt to Defendant's legal department.

23.     By threatening to send Plaintiff's debt to Defendant's legal department, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of any debt. […] Therefore, Defendant violated 15 U.S.C. § 1692e(10).

24.     By threatening to send Plaintiff's debt to Defendant's legal department, Defendant threatened to take an action that cannot legally be taken or that is not intended to be taken. Therefore, Defendant violated 15 U.S.C. § 1692e(5).

25.     By threatening to send Plaintiff's debt to Defendant's legal department, Defendant engaged in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Therefore, Defendant violated 15 U.S.C. § 1692d.

26.     By threatening to send Plaintiff's debt to Defendant's legal department, Defendant used unfair or unconscionable means to collect or attempt to collect any debt. Therefore, Defendant violated 15 U.S.C. § 1692f.

27. By harassing Plaintiff regarding Plaintiff's abusive ex-partner and essentially forcing Plaintiff to re-live the abuse, Defendant engaged in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Therefore, Defendant violated 15 U.S.C. § 1692d.

28. "No debt collector shall collect or attempt to collect a consumer debt by means of […] false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made." This action constitutes a violation Cal. Civ. Code § 1788.13(j).

29. The least sophisticated consumer would certainly believe that Defendant's threat to contact their legal department would mean that a legal proceeding would be instituted unless the payment of the consumer debt was made. However, Legal action was unavailable to Defendant because the statute of limitations had passed.

30. By making a false representation that a legal proceeding would be instituted unless payment of Plaintiff's debt was made, Defendant violated Cal. Civ. Code § 1788.13(j).

31. As a result of Defendant's conduct set forth above, Plaintiff suffered economic damages in a form of paid interest charges and non-economic damages in the form of mental anguish and emotional distress type damages, which manifested in symptoms including but not limited to frustration, anxiety, loss of sleep, embarrassment, and shame.

## COUNT I:

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C §1692 *ET SEQ.*

32. Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

COMPLAINT FOR DAMAGES                                    *Grahame v. Monterey Financial Services, LLC*

33.     The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692

34.     Defendant knew or should have known that the statute of limitations on Plaintiff's debt had passed when she inquired about the status of the debt, thereby making legal action, including a debt collection lawsuit against Plaintiff unavailable to Defendant.

35.     Defendant knew or should have known that threatening to contact Defendant's legal department would imply legal action including a debt collection lawsuit to the least sophisticated consumer.

36.     As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788**

37.     Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

38.     The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Cal. Civ. Code § 1788.

39.     Defendant knew or should have known that the statute of limitations on Plaintiff's debt had passed when she inquired about the status of the debt, thereby making legal action unavailable to Defendant.  Further, Plaintiff made Defendant aware that any lawsuit filed would be past the statute of limitations.

COMPLAINT FOR DAMAGES                                    *Grahame v. Monterey Financial Services, LLC*

40.    Defendant knew or should have known that threatening to contact Defendant's legal department would imply legal action to the least sophisticated consumer, including and not limited to a lawsuit being filed against Plaintiff.

41.    As a result of Defendants' violations of the Rosenthal Act, Plaintiff suffered damages in an amount to be proven at trial for actual damages, and attorney's fees and costs from Defendant pursuant to Cal. Civ. Code § 1788.30.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

## COUNT I:

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages up to $1,000.00, pursuant to 15 U.S.C. § 1692k;
- For reasonable attorneys' fees and costs of suit;
- For such further relief as this Court deems necessary, just, and proper.

## COUNT II

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788

- An award of actual damages;
- An award of punitive damages;
- For reasonable attorneys' fees and costs of suit;
- For such further relief as this Court deems necessary, just, and proper.

///
///
///
///
///
///

COMPLAINT FOR DAMAGES                                  *Grahame v. Monterey Financial Services, LLC*

KAZEROUNI
LAW GROUP, APC

1

## TRIAL BY JURY

2      42.    Pursuant to the seventh amendment to the Constitution of the United

3  States of America, Plaintiff is entitled to, and demands, a trial by jury.

4

5

6                              **KAZEROUNI LAW GROUP, APC**

7  Date: August 21, 2020              By: _s/ Ryan L. McBride_

8                                         Ryan L. McBride, Esq.
                                          *Attorneys for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES                              *Grahame v. Monterey Financial Services, LLC*